## C. T. HERRING *v.* THE STATE.

FALSE IMPRISONMENT. — See the opinion for an indictment held sufficient to charge a false imprisonment effected by means of threats; and note the statement of the case for evidence adjudged ample to sustain a conviction, though not proving express threats or avowed restraint, and though the party injured made no effort to escape the detention except by verbal deprecation.

APPEAL from the County Court of Smith. Tried below before the Hon. G. W. SMITH.

The indictment impleaded the appellant and George McDonald jointly, but the former only was tried. The charging part of the indictment is embodied in the opinion of this court.

W. W. Moss, the party charged to have been detained, was the only witness for the state. He testified that, on the night of March 9, 1877, between the hours of ten and eleven o'clock, the appellant and George McDonald came to witness' house, in Smith County, Texas, and hailed at the gate. Witness did not recognize the voice, but got out of bed and put on his coat and boots, and went to the door and asked who was there. They replied, " Come out here ; we have a message for you." Witness then went to the gate, and, when he reached there, Herring, the appellant, asked him if he ever drank anything ; to which he replied, with an oath, " You won't drink anything now." Herring then put his hand on witness' shoulder and asked him, " Do you take me to be a dog, a gentleman, or a d—d fool ? " Witness replied, " I take you to be a gentleman." Herring then told him he had that day heard that witness had been talking about him, and that he intended to make witness eat it before he slept. Witness told him he did not remember having said anything about him, and McDonald then asked witness if he did not remember talking to Mr. Rhone about C. T. Herring. Witness then said, " I suppose so ;" and McDonald, with an oath, said, " We won't have any supposes about this thing." Witness then admitted to them that he had said what they charged him with saying. He made the admission because he was afraid not to do so, having noticed, when he first went out, that McDonald had a pistol in his hand, and having seen Herring take some-

thing from his pocket which witness thought, but could not swear, was a pistol.

Herring told witness he would not take advantage of him ; that McDonald could go off any distance, and witness could settle the matter with him there, or could meet him next day and fight it out. McDonald offered witness a pistol, and told him to step back ten steps and fight it out with Herring ; but witness refused to take the pistol, and replied that he had a large family to support and did not settle his affairs in that way. Herring then seized witness by the beard and said : "Moss, don't you know that if you have been talking about me that you are a d—d lying old son of a bitch ? " Witness acknowledged that he was, being afraid to do otherwise. McDonald then told witness he must drink with him, and witness did so ; and Herring and McDonald then left.

Witness was thus, against his consent, detained at the gate about fifteen minutes ; though he made no effort to get away from Herring and McDonald, being afraid to leave while they were there. Neither of them told him he could not leave, nor did Herring threaten him in terms.

The accused adduced no evidence.

*Reaves & Dodd*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J. This prosecution was commenced by indictment found by the grand jury in the District Court, and transferred by the District Court to the County Court for trial. The indictment charges that the appellant and another, on March 9, A. D. 1877, " with force and arms, in the county of Smith and state of Texas, did then and there unlawfully and willfully arrest and detain one W. W. Moss,

in the peace of God and our said state then and there being, against his consent and without any express warrant or authority of law; the said detention being then and there effected by the said C. T. Herring (and the other) by threats of violence, and the threats being then and there of such a character as was calculated to operate upon and to inspire the said W. W. Moss with a just fear of serious injury to his person, and then and there to restrain the said W. W. Moss, the party detained, from removing from one place to another as he might then and there see proper, contrary," etc.

The indictment was found under article 508 of the Penal Code (Pasc. Dig., art. 2169), which is as follows:

" False imprisonment is a willful detention of another against his consent, and when it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats, or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

The appellant was tried alone, found guilty by the jury, and his punishment assessed at a fine of $50, upon which a judgment was entered.

Motions for new trial and in arrest of judgment were made and overruled, and an appeal taken on an assignment of errors which involves the correctness and sufficiency of almost every action had on, and prior and subsequent to, the trial, including the rulings of the court on the motions for new trial and in arrest of judgment, and the charge of the court; and also alleged error in refusing to set aside the verdict for various reasons such as are usually found in motions for new trial; all of which have been examined with all the care demanded, and, without attempting a discussion of these various alleged errors, we must say that not one of any material consequence is sustained by the record.

The indictment is amply sufficient to support the verdict and judgment. The charge of the court was a proper explanation of the law of the case as made by the pleadings and the evidence. The evidence was amply sufficient to justify the verdict, or even a heavier one than was imposed, and there was no error in overruling the motion for a new trial.

The detention is charged to have been effected by threats. The threats proved come fully up to the requirements of article 511 of the Code. Pasc. Dig., art. 2172.

No error is perceived in the judgment, and it is affirmed. *Affirmed.*